ST. BLANC v. SIMONE, ET AL.

(June 18, 1928. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Sales—Par. 218, 243.**
Where plaintiff claims to have sold fish, he must prove they were merchantable in order to hold defendants, who made timely objection, before delivery was completed.

Appeal from Section "A," First City Court. Hon. W. A. Bahns, Judge.

Action by Victor J. St. Blanc against Joseph P. Simone and Peter Piazza.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Gerald Netter, of New Orleans, attorney for plaintiff, appellant.

Loys Charbonnet, of New Orleans, attorney for defendant, appellee.

JONES, J. Plaintiff sued Joseph P. Simone and Peter Piazza, a commercial co-partnership domiciled and doing business in this city, composed of Joseph P. Simone and Peter Piazza, for one hundred forty ($140.00) dollars, alleging that on or about June 30, 1927, plaintiff sold and delivered to said defendants, thirty-five hands of speckled trout, at four ($4.00) dollars per hand, making a total of one hundred forty ($140.00) dollars, on account of which said defendants have paid nothing.

The defendants themselves wrote on the back of the citation the words, "General Denial" and signed their names. On the day of trial through their attorney, they filed a supplemental answer admitting that they agreed to purchase fish from plaintiff, saying that the fish sought to be delivered by plaintiff was spoiled, in process of decomposition and unfit for human consumption, and, therefore, unsalable, that immediately upon the discovery of the condition of the fish, defendants rejected the same, but plaintiff refused to permit return, whereupon, the fish were destroyed; further answering, defendants denied owing plaintiff anything.

Plaintiff objected to the filing of the second answer by the defendants on the ground that it came too late and that it changed the issues and was inconsistent with the answer of a general denial previously filed by the defendants. The objection was properly overruled as the supplemental answer said that the fish "sought to be delivered" were refused on account of bad condition. It merely amplified defense.

There was a judgment dismissing plaintiff's suit, whereupon he took an appeal.

The record shows that Simone, who was temporarily in business with Piazza and knew nothing about fish, had agreed to buy the quantity stated at the price stated from plaintiff's truck in the French Market and that while the fish were being delivered to defendant's stand, Piazza, the experienced fish buyer, returned and at once told plaintiff to stop delivering the fish as they were rotten and unfit for sale. Plaintiff, however, claimed sale had been made and refused to stop delivery.

Plaintiff and his employee, John Michel, swear fish was good and they sold some from same on that day for the same or better prices to other men in the market, but these purported purchasers did not testify.

Each of the defendants testified that the fish were utterly unfit for sale and had to be destroyed.

Sorina and Marinella, both witnesses for defendants confirm the testimony of defendants.

Jos. M. Dunn, deputy tax collector, swears he heard Simone tell plaintiff that fish were bad, he must take them back, but plaintiff said, "nothing doing."

Plaintiff emphasizes certain minor discrepancies in the testimony of defendants' witnesses as to time and exact words of a telephone conversation between plaintiff and Simone and also as to final disposition of the fish. Such discrepancies are always apt to be found when there are several witnesses and they are not surprising here, where the witnesses were plainly ignorant laboring men accustomed to working around the French Market.

On rebuttal, plaintiff admitted that he was selling these fish on commission for another dealer and he did not know when they were caught.

We agree with the trial judge that plaintiff has failed to prove his fish merchantable and that defendants made timely objection, before delivery was completed.

For these reasons, the judgment is affirmed.